## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                            Case No. 8:23-cr-200-WFJ-AEP

KELLIS DION JACKSON
_____/

### ORDER RE: FRIVOLITY OF MOTION TO DISMISS (Doc. 43) FOR "RES JUDICATA" AND "COLLATERAL ESTOPPEL"

At the pretrial status hearing, Defendant Jackson suggested to the Court that a trial as scheduled was unlikely due to the pendency of his motion to dismiss found at docket 43.  The Court noted that the motion was frivolous and was denied.  The Court stated that it would provide a short memorandum order outlining that ruling.  *See* Doc. 58.  This is that memorandum.

A.  Background

Defendant was charged in Case No. 8:17-cr-506-SCB-AAS with making false statements in an application for a passport, in violation of 18 U.S.C. § 1542.  He was alleged to have provided a false name, false date of birth, and presented a false birth certificate to the passport agency.  He pled guilty and was sentenced to time served.  *See* No. 8:17-cr-506 (M.D. Fla.), Docs. 34, 79.  He appealed to the

Eleventh Circuit unsuccessfully, on three reviewed claims: i) he was incompetent at the guilty plea; ii) there was no factual basis for the plea; and iii) the district court abused its discretion denying his motion to withdraw plea. *Id*., Doc. 138 (Case No. 18-12895 (11th Cir. May 28, 2020)).

Now, three years later the Defendant was indicted in the instant case for the three counts of: false statement in 2019 to the Social Security Administration concerning his alleged marriage and wife in violation of 18 U.S.C. § 1001; theft of government property starting in late 2018 in violation of 18 U.S.C. § 641; and fraudulent use of social security number in 2021 in violation of 42 U.S.C. § 408(a)(7)(A).

None of the present, instant charges are the same as the charges from the 2017 case. They are entirely different. The new charges are years after the 2017 case and do not hinge, adopt, or relate in any material way to the 2017 case. The 2017 case presents no finding, ruling, or admission that in any way binds the instant case.

B.   The Motion to Dismiss is Frivolous in Fact and in Law

The motion is frivolous. It appears to be a strategy to avoid the trial setting by seeking a spurious appeal. The motion contends that Counts One and Two are "collaterally estopped and subject to preclusion predicated on the fact that this

specific issue [whether Defendant was in fact married to his 'then girlfriend'] had been litigated in a previous prosecution by the Government and was essential and necessary to the findings of guilt and convictions in that case." Doc. 43 at 4.

This contention is specious. The 2017 prosecution for false passport application had nothing to do with a marriage to this wife/girlfriend; nothing to do whatsoever. No finding, ruling, holding, or admission by the Government exists in the prior case that would in any way estop or preclude the present indictment. No fact was found. The very short passage the motion cites to (Doc. 43-5, Exh. E at 13) establishes no preclusion or estoppel. In that 2017 hearing, which involved a competency inquiry, the Government pointed out the Defendant's use of his dual identity. One proffered motivation for the new identity was his apparent bigamy in remarrying under the new name without divorcing his first wife. The AUSA stated this:

> So he was creating this fake identity for himself. And there are several reasons for that, Your Honor, and one is the fact that he's on federal probation. I'm sorry, he's a federal parolee. But, additionally, the defendant was married—or is married. He's married to a lady who he was married to in Texas, his first wife, and he never went through divorce proceedings. So he married the woman that I guess he's currently married to now that he's not legally married to.
>
> So we would submit to the Court that was probably the two reasons why he created this identity. He didn't want to go through divorce proceedings and didn't want to comply with his parole obligations anymore, and that's why he created this new identity.

3

*Id*. No finding, ruling, or other statement exists in the 2017 case about the status of his marriages. The Government notes that the Defendant filed *pro se* pleadings in the 2017 case stating he had lawfully divorced the first wife. Doc. 48 at 5 n.3. The undersigned has not reviewed these as they have no relevance here.

Under the doctrine of claim preclusion, a final judgment on the merits bars further claims by the parties based on the same cause of action. *See Brown v. Felsen*, 442 U.S. 127, 131–32 (1979). In the Eleventh Circuit, the doctrine of claim preclusion will bar subsequent action if: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quotation citation omitted); *see also United States v. Beane*, 841 F.3d 1273, 1283 (11th Cir. 2016) (citing *Maldonado v. U.S. Att'y Gen.*, 644 F.3d 1369, 1375 (11th Cir. 2011)). Here, the prior and subsequent cases are not the same and there was no judgment or decision about anything pertinent.

Concerning Jackson's argument to dismiss Counts One and Two under the doctrine of issue preclusion, the brief statements made by the Government regarding Jackson's marriage were never litigated in the prior proceeding and the statements were not a critical and necessary part of the judgment against Jackson.

No issue of fact was resolved directly or indirectly by judgment. *Bravo-Hernandez v. United States*, 580 U.S. 5, 9–10 (2016).

The motion goes on to state that dismissal is also required because Defendant is actually innocent of Count One because his second marriage is a legal nullity under Florida law, due to his first marriage not being subject to divorce. Doc. 43 at 5–6. His claimed innocence is not a defect in the indictment. And this assertion might be contradicted by his claims otherwise in the 2017 case.

The Government's response, Doc. 48, sets forth the facts it intends to prove. These facts are indeed extensive and, if proven, quite damaging to any claim of actual innocence on Count One. Facts to be developed at trial are not grounds to dismiss a facially competent indictment. *See United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

The motion also states that the tax returns pertinent to Count Three were obtained contrary to law. The Defendant's argument is predicated on the restrictions in the United States Code regarding disclosure of tax records. *See* 26 U.S.C. § 6103(a). However, "[s]ection 6103 of Title 26 protects only information filed with and disclosed by the IRS . . ." and "information collected by the United States Attorney's Office . . . is not information belonging to the Secretary of the Treasury—it is within the custody of the Attorney General or the Department of Justice." *Ryan v. United States*, 74 F.3d 1161, 1163 (1996). Here, the U.S.

Probation Office reported the Defendant's potential crimes and the Probation Office had obtained returns from the Defendant. The Probation Office provided one or more of these to the Department of Justice. They were in the custody and control of the Department of Justice. They are therefore not protected by 26 U.S.C. § 6103.

**DONE AND ORDERED** at Tampa, Florida, on June 17, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE